IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN E. LEE #1460, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:16-cv-02590 |
| | ) |
| v. | ) Judge Campbell |
| | ) |
| LISA HATCHER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff, pretrial detainee in the Stewart County Detention Center in Dover, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in jail. The Complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.    Factual Allegations

Plaintiff alleges that on May 4, 2016, he began complaining about a rash that he had developed during a scabies outbreak in the jail. (ECF No. 1, at 9.) Nurse Hatcher saw Plaintiff and treated him with six tablets of anthelmintic (anti-parisitic) medication. (*Id.*) Plaintiff alleges that his rash grew worse over the next several months, and that after having several informal requests ignored, on July 7, 2016, he submitted a formal "kiosk" request to see a doctor. (*Id.*) Nurse Hatcher responded to the request by advising Plaintiff that diphenhydramine is available from the commissary. (ECF No. 1, at 10.) Plaintiff does not state whether he attempted to purchase any diphenhydramine, but alleges that on July 27, 2016, he submitted a formal request to see a

specialist, with Nurse Hatcher denied. (*Id.*) Additional informal requests for treatment were met with instruction to submit a formal request, and on August 1, 2016, Plaintiff submitted another formal request. (*Id.*) In response to that request, Nurse Hatcher informed Plaintiff that he had been scheduled for an appointment with Nurse Practitioner Witherspoon. (*Id.*) Plaintiff alleges that "eventually" Nurse Practitioner Witherspoon saw him twice and treated him on both occasions with prednisone and diphenhydramine. (*Id.*) Plaintiff alleges that his rash has not subsided, and that he is concerned about the possibility that prednisone may be contraindicated due to his severe osteoporosis and that he may suffer ill effects from the treatment. (*Id.*) He further alleges that he asked correctional officers for diphenhydramine on September 11 and September 13, 2016, but that his requests were ignored. (ECF No. 1, at 11.) Plaintiff claims that these facts amount to a violation of his rights under the Eighth Amendment.

### III. Discussion

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment.[1] *Ruiz v. Martin*, 72 F. App'x 271,

---

[1]Because Plaintiff is a pretrial detainee rather than a convicted inmate, his claim falls under the protection of the Fourteenth Amendment, rather than the Eighth; nevertheless, the analysis is the same. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). The Supreme Court's

275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013).

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*  Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  To establish the subjective component of this alleged violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).  A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835-36.  Consequently, allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. *See Estelle*, 429 U.S. at 106

---

recent decision that detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015), has not been held to apply to deliberate indifference cases. *But see Johnson v. Clafton*, No. 13-14922, 2015 WL 5729080, at *4 (E.D. Mich. Sept. 30, 2015) (collecting cases and stating that "[a]fter *Kingsley*, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause").  Because the Court finds that the plaintiff has not satisfied his burden under either framework, it is not necessary to resolve that question at this stage.

("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff has failed to satisfy the objective element of this claim. "Generally, rashes do not rise to the level of an objectively serious medical need." *Prather v. Corr. Care Sols.*, No. 3:16-CV-P60-JHM, 2016 WL 2903288, at *4 (W.D. Ky. May 18, 2016) (citing *Ray v. Cherrian*, No. 10 C 4066, 2010 U.S. Dist. LEXIS 66064 (N.D. Ill. July 2, 2010) (a fungal foot rash does not rise to the level of an objectively serious medical need because it is "not so serious that it is life threatening or poses a risk of needless pain or lingering disability"); *Sanders v. Allen Cty. Jail*, No. 106-CV-302, 2006 U.S. Dist. LEXIS 64232 (N.D. Ind. Sept. 6, 2006) (fungal infections are not sufficiently serious); *Ware v. Fairman*, 884 F.Supp. 1201, 1206 (N.D. Ill. 2005) (plaintiff's medical condition was a skin problem which posed no serious threat to the plaintiff's medical and physical health)); *see also McKeithan v. Beard*, No. 06–965, 2010 WL 2028091, at *1–5 (W.D.Pa. Apr.12, 2010) (excessive itching and dry skin is not a serious medical condition); *Gonzalez–Reyna v. Ellis*, No. 1:09cv522, 2009 WL 2421482, at *3 (E.D. Va., July 27, 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation.").

Moreover, even if a rash constituted a serious medical need, Plaintiff's allegation that medical providers saw and treated him at least three times in four and a half months does not establish that the defendants have been deliberately indifferent to his condition. To the contrary, Plaintiff's dispute is with the adequacy or propriety of that treatment, which does not implicate his

constitutional rights. Advising Plaintiff to purchase over-the-counter medication from the commissary, rather than continually dispensing it to him for free, also does not constitute deliberate indifference in the absence of any showing that Plaintiff lacks the funds to purchase the medication. *See Anderson v. Less*, No. 14-3167 (6th Cir. Sept. 19, 2014) ("The court below correctly found that requiring an inmate to pay for his own medical treatment by budgeting his monthly income was not unconstitutional."). Plaintiff has not made that showing in this case where he has asserted that, although he lacks sufficient funds to pay the $400 filing fee, he receives $35 per week and "would be more than happy" to have $20 per month deducted from his account to pay the fee for this suit. (ECF No. 3.)

## IV. CONCLUSION

For the reasons set forth herein, this action will be **DISMISSED** for failure to state a claim upon which relief can be granted. An appropriate Order is filed herewith.

_____
TODD CAMPBELL
United States District Judge